IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GERETTA C. ELIAS, | ) | |
| Administratrix of the Estate | ) | |
| of Gerald D. Sydnor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:13-CV-22-WKW |
| | ) | [WO] |
| THOMAS F. BOSWELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is Plaintiff Geretta C. Ellis's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), filed October 30, 2014. (Doc. # 36.) The court dismissed Ms. Elias's amended complaint just over one year ago on October 30, 2013. (Docs. # 34, 35.)

Rule 60(b) provides that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b) relief is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Ms. Elias asserts that denial of her motion for reconsideration will result in "manifest injustice," (Doc. # 36, at 1), but she is unspecific as to what grounds identified in Rule 60(b) support her motion. She asks the court for "another opportunity to plead . . . so as to articulate the factual basis of her allegations of deliberate indifference," which she claims are supported by "the autopsy and the coroner's report." (Doc. # 36, at 2.)[1] She requests leave of the court "to file her memorandum and evidentiary materials and proposed amended complaint in support of her motion." (Doc. # 36, at 2.) But without a Rule 60(b)-based explanation for why the court should disturb the final judgment in Defendants'

---

[1] There is no indication that Ms. Elias only recently obtained an autopsy or a coroner's report, and furthermore, it is unlikely that these documents are "newly discovered evidence" because Ms. Elias's father passed away in January 2011, and any autopsy and coroner's report likely would have been available before she filed this case in January 2013. Additionally, Ms. Elias does not suggest how this evidence would support the crux of her deliberate indifference claim, *i.e.*, that Defendants knew of her father's need for serious medical care and willfully denied that care.

favor, the court will not grant Ms. Elias leave to supplement this motion for reconsideration with additional filings. *See Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 919 (11th Cir. 2006) (affirming denial of a motion for reconsideration where the movant did not show that the relief was warranted by the specific circumstances named in Rule 60(b)(1)–(5) or any other extraordinary circumstances per Rule 60(b)(6)).

Additionally, Rule 60(c) requires that a Rule 60(b) motion must be filed "within a reasonable time," and that a motion brought pursuant to subsections (1), (2), or (3) of Rule 60(b) must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). Ms. Elias offers no explanation for why she waited exactly 365 days to file her motion or why her one year delay is "reasonable."

Hence, for these reasons, is ORDERED that Ms. Elias's motion for reconsideration is DENIED.

DONE this 3rd day of November, 2014

                                                    /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE